IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR157 |
| vs. | |
| MATTHEW MONIZ, JR., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Findings and Recommendation, Filing No. 117, issued by United States Magistrate Judge Susan M. Bazis, recommending that the Motion to Suppress filed by the Defendant Matthew Moniz, Jr. ("Defendant"), Filing No. 97, be denied. Defendant did not directly object to the Findings and Recommendation, but filed a "Motion Regarding Evidence," Filing No. 120, asserting that the Douglas County Correctional Center has repeatedly prevented Defendant from accessing his property and paperwork that would include evidence to support Defendant's Motion to Suppress. The Government filed an Objection, Filing No. 122, to Defendant's Motion Regarding Evidence. For the reasons set forth below, the Findings and Recommendation will be adopted, the Motion to Suppress will be denied, and the Motion Regarding Evidence will be denied.

## BACKGROUND

Defendant is charged with one count of assault with a dangerous weapon with intent to do harm and one count of assault resulting in serious bodily injury. Filing No. 1. Defendant moves to suppress evidence and statements made to FBI Special Agent Jeffrey Howard on January 3, 2020. Neither party objected to the Magistrate Judge's

1

factual findings. The Court has reviewed the record, including the transcript and evidence, and adopts the Magistrate Judge's factual findings.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

### I.   Motion to Suppress

Defendant's lone argument is that at the time Agent Howard interviewed him on January 3, 2020, Agent Howard should have known, or discovered, that Defendant was under the influence of methamphetamine. "Intoxication does 'not automatically render a confession involuntary; rather, the test is whether this mental impairment caused the defendant's will to be overborne.'" *United States v. Jones*, 842 F.3d 1077, 1083 (8th Cir. 2016) (quoting *United States v. Casal*, 915 F.2d 1225, 1229 (8th Cir. 1990)). For example, in *Jones*, the Eighth Circuit found no evidence that the defendant's will was overborne where officers testified that the defendant was coherent during an interview, even though the defendant was intoxicated and spoke slowly and was at times was unresponsive. *Id.*

No evidence in this case indicates that Defendant's will was overborne, or even that he was intoxicated during the interview. In the audio recording of the interview, Defendant appeared responsive, coherent, and engaged in the conversation. Moreover,

2

Agent Howard testified that it did not appear that Defendant was intoxicated or unable to answer questions. Based on the evidentiary record, the Court cannot conclude that Defendant's mental state caused his will to be overborne. Accordingly, the Court adopts the Magistrate Judge's recommendation and concludes the motion to suppress must be denied.

II.     **Defendant's "Motion Regarding Evidence"**

Defendant's Motion Regarding Evidence alleges that the Douglas County Correctional Center repeatedly denied Defendant access to his property and paperwork related to his prosecution. Defendant requests that the Court permit Defendant "access to these most important documents." Filing No. 120. Other than to say that the documents would support a renewed motion to suppress, Defendant gives no indication or hint at the nature of the documents or evidence. Nevertheless, Defendant requests that "Defendant to be placed into the temporary custody of federal officials and to be transported to certain locations for the purpose of reviewing evidence in preparation of trial of this matter." *Id.* Defendant offers no explanation as to where he would like to be transported or why being placed in custody of federal officials is necessary. The Court cannot grant Defendant's vague request.

**CONCLUSION**

For the reasons discussed, the Findings and Recommendation will be adopted and the Motion to Suppress will be denied. The Motion Regarding Evidence will also be denied.

IT IS ORDERED:

1.     The Findings and Recommendation, Filing No. 117, are adopted;

2. The Motion to Suppress filed by the Defendant Matthew Moniz, Jr. ("Defendant"), Filing No. 97, is denied;

3. The Motion Regarding Evidence, Filing No. 120, is denied; and

4. The Objections to the Motion Regarding Evidence, Filing No. 122, is sustained.

Dated this 24th day of September, 2021.

                                                  BY THE COURT:

                                                  s/ Joseph F. Bataillon
                                                  Senior United States District Judge